IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIE BURLEY,

    Petitioner,

v.                                         CIVIL ACTION NO. 1:05CV57
                                             (Judge Keeley)

DOMINIC A. GUTIERREZ,
WARDEN FCI MORGANTOWN,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION/OPINION

On March 25, 2005, the *pro se* petitioner, Willie Burley ("Burley"), filed an "Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241," seeking to vacate his sentence for alleged constitutional violations relating to his sentencing. (Doc. No. 1.) He has already challenged his sentence on direct appeal and, pursuant to 28 U.S.C. § 2255, on collateral attack. On September 16, 2005, United States Magistrate Judge John S. Kaull issued a Report and Recommendation ("R&R"), recommending that Burley's petition be denied and dismissed with prejudice because Burley has failed to demonstrate that his previous motion to vacate under Section 2255 was an inadequate or ineffective remedy to test the legality of his current detention. (Doc. No. 3). Accordingly, the magistrate judge concluded that Burley improperly filed his Section 2241 petition. On September 27, 2005, Burley responded to the magistrate's R&R by reasserting his previously pled claims of

constitutional violation. Because it finds that Burley has filed no credible objection to the magistrate's recommendation, the Court **ADOPTS** the R&R and **DENIES** and **DISMISSES WITH PREJUDICE** Burley's Section 2241 petition.

## I. Procedural History

In Criminal Case No. 1:94CR59, Burley pled guilty in this Court to charges of conspiracy to possess with intent to distribute cocaine base and aiding and abetting money laundering. On or about August 28, 1995, he was sentenced to 255 months of imprisonment to be followed by three (3) years of supervised release. On direct appeal, the Fourth Circuit Court of Appeals affirmed Burley's conviction and sentence. On November 3, 1997, pursuant to 28 U.S.C. § 2255, Burley moved to vacate his sentence. That motion was dismissed by this Court and his subsequent appeal was dismissed by the Fourth Circuit.

## II. Petitioner's Claims

In his Section 2241 petition, Burley asserts:

1. Petitioner's Fifth Amendment right to due process was violated when such rights failed to protect the accused against conviction except upon proof beyond a reasonable doubt (BRD), of every fact necessary to constitute the crime for which he is currently incarcerated.

2. Sentencing enhancements, as applied, violated petitioner's Sixth Amendment right insofar as they

       mistakenly permit a judge to find facts that determine a defendant's sentencing range.

3.    A constitutional error has occurred in the petitioner's sentencing hearing that has resulted in the illegal conviction of one who is actually innocent, and failure to acknowledge such violation would result in a fundamental miscarriage of justice.

Further, Burley asserts that, because he is unable to satisfy the statutory requirements to file a second Section 2255 motion, the remedy outlined by that Section is "inadequate or ineffective to test the legality" of his detention and, thus, a writ of habeas corpus under Section 2241 is appropriate. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

### III. Magistrate Judge's R&R

In his R&R, the magistrate judge explained that:

> Any petition filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence).

(Doc. No. 3 at 2.)

However, a federal prisoner may seek relief under Section 2241 when a motion under Section 2255 is 'inadequate or ineffective to test the legality of his detention.' 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Although, as the appellate court

noted in Vial,"the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . ., or because an individual is procedurally barred from filing a § 2255 motion." 115 F.3d at n.5 (internal citations omitted). Finally, in In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

In this case, Magistrate Judge Kaull found that Burley's attempted reliance on Section 2241 was misplaced because nothing in his petition establishes that his previous motion under Section 2255 was inadequate or ineffective under the Jones standard. Specifically, Burley cannot meet the second prong of Jones because the law has not changed so that his conduct of offense, drug conspiracy and money laundering, is no longer criminal. Further, his claim of Sixth Amendment violation is based on United States v.

Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which constitutes a new, but not retroactive rule of constitutional law. See U.S. v. Morris, 429 F.3d 65 (4th Cir. 2005)(finding that Booker applied Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to the Unites States Sentencing Guidelines and constituted a new law of criminal procedure); and Lilly v. United States, 342 F.Supp.2d 532 (W.D.Va.)(finding Blakely constitutes a new rule of constitutional law that does not apply retroactively on collateral review). Accordingly, as the new rule relied on by Burley in his petition is one of constitutional law, he cannot meet the third prong of Jones. Thus, the Magistrate found that Burley's previous Section 2255 motion to vacate was not inadequate or ineffective, and, consequently, his current Section 2241 petition is improper and should be dismissed.

### IV. Petitioner's Response

In his response, Burley does not challenge the magistrate judge's findings with regard to the inadequacy or ineffectiveness of his previously filed Section 2255 motion. Instead, he reasserts his claims of constitutional violation at sentencing as follows:

    1. Petitioner states once again that he is being held (in custody) in violation of his constitutional rights;

    2. Petitioner's commitment and/or detention is in violation of his Fourteenth, Fifth, and Sixth amendments;

3. Petitioner's continual stance that errors created a jurisdictional defect that cannot be waived by a plea;

4. Further, petitioner claims of a constitutional error that has probably resulted in the commitment and/or detention of one who is actually innocent.

(Doc. No. 4 at 1.)

### V. Analysis and Conclusion

While Burley's response reasserts his claims of constitutional error at sentencing, he asserts no objection whatsoever to Magistrate Judge Kaull's finding that his previous Section 2255 motion was not inadequate or ineffective. Thus, he offers no rebuttal to the magistrate judge's recommendation that as a result, he may not seek relief under Section 2241. Vial, 115 F. 3d at 1194. Accordingly, for the reasons stated in the R&R, the Court **ADOPTS** Magistrate Judge Kaull's recommendation, and **DENIES** and **DISMISSES WITH PREJUDICE** Burley's 28 U.S.C. § 2241 Petition for a writ of *habeas corpus*.

The Clerk is directed to mail a copy of this Order to the pro se petitioner, and transmit a copy of this Order to counsel of record and all appropriate agencies.

DATED: July 24, 2006.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE